ALVARO MORALES CORDERO, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Appellee.

No. 608.     Decided June 26, 1963.

*Guillermo Bird Martínez* for appellant. *Carmen Ana Archeval* for the State Insurance Fund.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

According to the documentary evidence introduced by appellant at the hearing before the Industrial Commission, copy of a letter dated March 29, 1961—appellant's exhibit No. 1, without objection—appellant's son José Morales, at his father's request, talked on the telephone from the office

of the Fund, during the first days of the month of January 1961, to the Inspector of the Fund, who usually goes to Vieques, and requested the readjustment of appellant's insurance policy No. 09403, because said appellant had transferred on December 31, 1960 certain businesses included in the insurance policy designated as "cane agriculture", "vessel shipments", and "wholesale stores"; that subsequently appellant was informed that the inspector had been in Vieques, but having been unable to find appellant he had left; that appellant continued to wait for the inspector to return, but since on the day of the letter no official had visited him, he attached thereto the necessary details for the readjustment in order to bring the matter to a close. According to the liquidation submitted by appellant—appellant's exhibit No. 2, without objection—after having paid the second semester of the industrial year 1960–61, appellant would still have a surplus of $28.19. It appears from said exhibit that the cane covered by the policy in force during the first semester had been sold and the farm leased to Ricardo López, and the other two businesses transferred to José Morales. It appears that Ricardo López as well as José Morales took out their respective workmen's insurance policies in due time to cover the risks for the second semester of the industrial year 1960–61—appellant's exhibit No. 3, without objection.

If this is true, it seems that appellant would only have to pay workmen's insurance during the second semester of the industrial year 1960–61 for his "hotel" business and his "grass" business, according to the Notice of Collection of the Insurance Premium dated September 23, 1960 sent by the Manager of the Fund, which appears in the record. It is in one of these businesses where the accident of laborer Juan Pérez Torres occurred on March 25, 1961, which gives rise to the testimony of the Fund, that since appellant did not

pay the premium for the second semester of the industrial year 1960–61, when the accident occurred, he was an uninsured employer.

The testimony of the Industrial Commission is based on paragraph 9 of § 25 of Act No. 45 of April 18, 1935, as amended by Act No. 96 of June 24, 1960, which provides: "Any employer subject to the provisions of this Act during any part of a semester shall pay the premiums for the whole of said semester, but he shall be entitled to such reimbursement, if any, as is provided in the following section; *Provided,* That in such cases, reimbursements may be made at the expiration of the semester for which said premiums were paid."

On the contrary, appellant alleges that on January 1, 1961 he was not an "employer subject to the provisions of this Act" in relation to the businesses which he had sold or leased, pursuant to paragraph 8 of the aforementioned § 25, which provides: "Any employer who, prior to July 1 or January 1 of any year, ceases to be subject to the provisions of this Act, may be excused from the payment of premiums for the following semester or semesters by filing the notice and proof required by the Manager of the State Fund that he will not be subject to the provisions hereof."

■■ What determines whether or not an employer is subject to the provisions of Act No. 45 of 1935, as amended, is whether he is working in a business or businesses in which he must hire laborers. The case covered by paragraph 8 of § 25 is that of an employer who retires wholly from his business prior to the beginning of a new semester while the case covered by paragraph 9 of § 25 is that in which an employer wholly or partially retires from his business after the semester has started. In the former, the employer is not bound to pay any premium whatsoever, and therefore, no reimbursement is produced; in the latter, as the employer

is bound to pay semi-annually in advance, if he retires after the semester has started the reimbursement is produced, but the law provides that it shall be paid at the expiration of the semester.

Now then, in the case of an employer who retires partially from his businesses, as in such case a surplus must be declared and a reimbursement or the application of a surplus to the new readjusted premium ordered, the provision that should be applied is paragraph 9 of § 25, as amended, that is, the employer shall pay the premiums for the whole of said semester and wait for the reimbursement until the expiration of the semester and until the policy be properly transferred to the new acquirer, as provided by § 19–11 of the Regulations of the Manager of the State Insurance Fund, 11 R.&R.P.R. 423.

The decision of the Industrial Commission will be affirmed.